UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK ADONNA,<br>　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:08-cv-01245 (VLB) |
| UNITED ELECTRICAL, RADIO AND<br>MACHINE WORKERS OF AMERICA<br>LOCAL 243 ET AL., | :<br>:<br>: | |
| 　　Defendants. | : | August 10, 2009 |

## MEMORANDUM OF DECISION ON
## DEFENDANTS' MOTION TO DISMISS [Doc. #16]

The defendants, United Electrical, Radio and Machine Workers of America Local 243 ("United"), and Sargent Manufacturing Company ("Sargent"), jointly move pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss this action filed by the plaintiff, Frank Adonna. United and Sargent argue that the Court lacks subject matter jurisdiction over count one of Adonna's complaint, which alleges breach of the duty of fair representation, and that counts two through six, which allege state law claims, are preempted by the Labor Management Relations Act (LMRA), 29 U.S.C. § 141 <u>et seq.</u>  For the reasons given below, United's and Sargent's motion to dismiss [Doc. #16] is DENIED as to count one and GRANTED as to counts two through six of Adonna's complaint.

The following facts taken from Adonna's complaint are relevant to the motion to dismiss.  Adonna has been employed by Sargent for 23 years and is a member of United.  On approximately March 9, 2007, Sargent suspended Adonna

for seven weeks "for an improper purpose," according to Adonna's complaint, which does not specify the reason for the suspension. [Doc. #1, Compl. ¶5] Adonna asked United to represent him in filing a grievance and pursuing arbitration, but United refused. Following the suspension, Sargent assigned Adonna to a less desirable and more demanding job at lower pay. Adonna alleges that Sargent reassigned him because he had complained about his suspension. Adonna asked United to represent him in challenging his reassignment, but United failed to respond. Adonna alleges that Sargent and United worked together to "punish, demote, degrade and harass" him. [Doc. #1, Compl. ¶15] In that regard, Adonna specifically refers to his direct supervisor at Sargent, Tony Fasula, who is a former president of United.

Adonna's complaint also contains the following allegations. At an unspecified time, Adonna criticized United "about its negotiation of the contract controlling [his] employment." [Doc. #1, Compl. ¶12] United incorrectly informed Adonna that he could retain his base pay rate if he switched jobs at Sargent. Adonna alleges that he is the target of disparate and unfair treatment because "employees in other departments" of Sargent are allowed to retain their base pay rate when they switch jobs within the company. [Doc. #1, Compl. ¶13] Furthermore, Sargent "has placed onerous and unfair demands" on Adonna, such as demanding that he "enter enclosed tanks to clean out and remove toxic materia[l] . . . ." [Doc. #1, Compl. ¶30]

Adonna filed his complaint in Connecticut Superior Court, stating the

following causes of action without specifying whether each is directed against both United and Sargent or only one of them:  (1) breach of the duty of fair representation; (2) negligence; (3) violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42a-110a et seq.; (4) breach of contract; (5) negligent infliction of emotional distress; and (6) intentional infliction of emotional distress.  United and Sargent removed the case to this Court pursuant to 28 U.S.C. § 1337 and the LMRA.  United and Sargent now jointly move to dismiss Adonna's complaint.

As to count one, the parties agree that Adonna's claim of breach of the duty of fair representation is brought not only against United but also against Sargent pursuant to § 301 of the LMRA, 29 U.S.C. § 185.  The claim is therefore a "hybrid § 301 / duty of fair representation" claim under which Adonna "must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members. . . .  The plaintiff may sue the union or the employer, or both, but must allege violations on the part of both."  White v. White Rose Food, 237 F.3d 174, 178-79 (2d Cir. 2001).  United and Sargent argue that the Court must dismiss count one pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Adonna fails to allege that Sargent violated a collective bargaining agreement.

"[M]otions to dismiss for [lack of] subject matter jurisdiction under Rule 12(b)(1) are reviewed under the same standards as motions to dismiss for failure

to state a claim under Rule 12(b)(6)."  <u>Nicholls v. Brookdale Univ. Hosp. & Medical Center</u>, Docket No. 05-CV-2666, 2005 WL 1661093 at *3 (E.D.N.Y. July 14, 2005).  The United States Supreme Court recently reexamined the standard governing a motion to dismiss:  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' . . .  [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . .  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . .  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. . . .

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . .  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. . . .

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. . . .  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'  Fed. Rule Civ. Proc. 8(a)(2)."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009).

United and Sargent argue that count one of Adonna's complaint must be dismissed for failure to allege that Sargent breached a collective bargaining agreement, which is a required element of a "hybrid § 301 / duty of fair representation" claim.  Adonna argues in opposition that his complaint refers to "the contract controlling [his] employment," by which he meant the collective bargaining agreement.  [Doc. #1, Compl. ¶12]  Adonna further points out that his complaint alleges that United and Sargent worked together to "punish, demote, degrade and harass" him, and that such actions violate the collective bargaining agreement.  [Doc. #1, Compl. ¶15]  Adonna argues that it would be needlessly extreme to dismiss count one when he could easily amend it.

5

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend. . . .  A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

In the present case, the Court agrees with United and Sargent that Adonna's complaint does not explicitly allege Sargent's violation of the collective bargaining agreement.  However, the Court also agrees with Adonna that a simple amendment would cure the deficiency.  The complaint plausibly alleges that Sargent took actions that harmed Adonna, such as by suspending him "for an improper purpose."  [Doc. #1, Compl. ¶5]  It can be inferred that such actions were not countenanced by "the contract controlling [Adonna's] employment."  [Doc. #1, Compl. ¶12]  The Court determines that an amendment would not be futile, that Adonna has not engaged in bad faith or undue delay, and that United and Sargent would not be unduly prejudiced.  United and Sargent's motion to dismiss count one is therefore denied.

As to Adonna's state law claims in counts two through six, United and Sargent argue that the LMRA preempts them.  "[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and

federal labor-law principles—necessarily uniform throughout the Nation—must be employed to resolve the dispute." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-406, 108 S. Ct. 1877 (1988).  Adonna's state law claims sound in negligence, violation of CUTPA, breach of contract, negligent infliction of emotional distress, and intentional infliction of emotional distress.  Adonna's complaint does not set forth specific facts as to each of those claims; instead, Adonna states that all of his factual allegations apply to all of his claims.  The factual allegations concern his suspension and reassignment, "the contract controlling [his] employment," and workplace safety.  [Doc. #1, Compl. ¶12]  All of those subjects are included in the collective bargaining agreement, and it would be necessary to consider that agreement in resolving Adonna's state law claims.  Counts two through six of Adonna's complaint are therefore preempted and accordingly dismissed.

    The motion to dismiss [Doc. #16] filed by United and Sargent is DENIED as to count one and GRANTED as to counts two through six of Adonna's complaint.  Adonna shall file an amended complaint by September 9, 2009.

                              IT IS SO ORDERED.

                              /s/
                              Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut:  August 10, 2009.